**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KATHERINE STEEN,

   Plaintiff,

v.               Case No. 08-14319

HAUSKI PATEL

   Defendant.
               /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTION TO APPOINT COUNSEL AND DISMISSING ACTION**

  Plaintiff Katherine Steen initiated this action on October 10, 2008 against Defendant Hauski Patel. Plaintiff has filed an application to proceed *in forma pauperis,* which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action pursuant to 28 U.S.C. § 1915(e).

  Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

  A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the

factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

While Plaintiff's handwritten, *pro se* complaint is somewhat difficult to decipher, it appears that Plaintiff seeks to appeal a case which has been litigated through the state court system. In her first paragraph, Plaintiff indicates that she is "appealing and complaining." She refers to purported violations of "State Judge Crawford" and suggests that judgments are "appealable in the jurisdiction of U.S.D.C." (Compl. at 2.) Plaintiff also states that she is "refusing" "the judgment of $168.15" (*id.*) and she relies upon a referenced "40 page brief" (*id.* at 2). The brief is not attached to the complaint, but other state-court documents included in her pleadings refer to a forty-page brief submitted in support of Plaintiff's state-court motion for judgment. (*See* Compl.) Although the court cannot glean the specific details of Plaintiff's purported claim in this court or her underlying state claim, it is apparent that she is attempting to challenge a state court judgment.

This court, however, lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* Doctrine. *See Gottfried v. Med. Planning Serv., Inc.*, 142 F.3d 326,

2

330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* Doctrine). The doctrine applies where, as here, the court is "presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970.

The court must dismiss this case because Plaintiff's claims are "inextricably intertwined" with the state-court judgment which Plaintiff is attempting to appeal. "Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, or could have, in the course of the state court decisions." *Id.* Inasmuch as it is apparent from the face of the complaint that the court lacks subject matter jurisdiction over this case, the court will dismiss the complaint.

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED and her motion to appoint counsel [Dkt. # 3] is DENIED.

IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e).

       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: October 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2008, by electronic and/or ordinary mail.

S/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\08-14319.STEEN.1915.GrantIFP.Dismiss.CHD.wpd